UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:22-CR-00017-DCLC-CRW |
| v. | ) | |
| MICHAEL DAVID NEWSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 177]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 178].

**I.    BACKGROUND**

On November 16, 2022, Defendant pleaded guilty to one count of providing a firearm to a felon in violation of 18 U.S.C. § 922(d)(1) [*See* Docs. 83, 87]. Based on a total offense level of 25, a criminal history category of VI, and the 10-year statutory maximum, Defendant's guideline range was 110 to 120 months [Doc. 109, ¶ 76]; *see* U.S.S.G. § 5G1.1(c)(1). The Court sentenced Defendant at the bottom of the guideline range to 110 months [Doc. 134, pg. 2]. Defendant is currently housed at USP Canaan, and his projected release date is April 30, 2030. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 7, 2025). He now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 177] and for the appointment of counsel to assist him regarding his Amendment 821 motion [Doc. 182].

1

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

When a defendant files a *pro se* motion requesting relief under Amendment 821, the Court has appointed Federal Defender Services of Eastern Tennessee ("FDS") to evaluate the motion and file a supplemental motion if it is determined that the defendant may qualify for relief. E.D. Tenn. SO-24-05. FDS reviewed Defendant's motion in this instant matter and declined to file a supplemental motion [Doc. 178]. Thus, Defendant's motion to appoint counsel [Doc. 182] is **DENIED**. Defendant is also not entitled to relief under Amendment 821. At the time of sentencing, Defendant was not a zero-point offender. He received 13 criminal history points, none

of which were status points. Accordingly, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motions [Docs. 177, 182] are **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
